**BLANK ROME LLP**
Ana Tagvoryan (SBN 246536)
Ana.Tagvoryan@BlankRome.com
Erica R. Graves (SBN 301785)
Erica.graves@BlankRome.com
Alycia S. Tulloch (SBN 335916)
Alycia.Tulloch@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Attorneys for Defendant
LUXOTTICA OF AMERICA INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JESSE CANTU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUXOTTICA OF AMERICA INC., an Ohio corporation,<br><br>Defendant. | Case No. 2:25-cv-9100<br><br>*[Removed from Los Angeles Superior Court, County of Los Angeles, Case No. 25STCV15816]*<br><br>**DEFENDANT LUXOTTICA OF AMERICA INC.'S NOTICE OF REMOVAL**<br><br>Complaint Filed: May 30, 2025<br>FAC Filed: August 25, 2025<br>Removed: September 24, 2025<br>Trial Date: Not Set |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant LUXOTTICA OF AMERICA INC. ("Defendant") hereby removes the above-captioned action to the United States District Court for the Central District of California, Western Division. Removal is proper because, as set forth herein, this Court has subject matter jurisdiction over the claims at issue in the action and the procedural requirements for removal have been satisfied.

## I. <u>REMOVAL IS TIMELY</u>.

1. On May 30, 2025, Plaintiff Jesse Cantu ("Plaintiff") filed a complaint in the Superior Court of California for the County of Los Angeles, entitled *Jesse Cantu v. Luxottica of America Inc., an Ohio corporation*, Case No. 25STCV15816 (the "State Court Action"). The original complaint asserted claims solely on behalf of Plaintiff with an amount in controversy below that required for federal jurisdiction.

2. On August 25, 2025, Plaintiff filed a putative class action complaint, individually and on behalf of all others similarly situated (the "First Amended Complaint" or "FAC").

3. The Proof of Service filed in the State Court Action indicates that on August 25, 2025, Plaintiff caused the Complaint to be served on Defendant.

4. This Notice of Removal is timely because it is being filed within thirty (30) days of the service on Defendant of the First Amended Complaint. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) ("[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]") (emphasis in original).

## II. <u>NATURE OF THE ACTION</u>.

5. In the First Amended Complaint, Plaintiff alleges:

a. "Defendant is an Ohio corporation. Defendant is an online retailer that sells sunglasses, prescription eyeglasses, goggles, apparel, shoes, helmets, and other sports-related products and accessories nationwide and in California." (FAC, ¶ 3).

b. "Defendant, through its Website, offers products for sale to California consumers." (*Id.*, ¶ 7).

c. "On April 10, 2025, Plaintiff purchased a sunglasses product known as 'Thinlink' with a black iridium polarized lens and a matte black frame (the 'Product') from Defendant's Website for the allegedly discounted price of $149.80, which Defendant compared to a strike-through reference price of $214.00, after visiting a webpage[.]" (*Id.*, ¶ 9).

d. "Defendant knows that the prices for the Product are fake and artificially inflated and intentionally uses them in its deceptive pricing scheme on its Website to increase sales and profits by misleading consumers to believe that they are buying products at a substantial discount." (*Id.*, ¶ 28).

e. "Defendant thereby induces customers to buy products they never would have bought—or at the very least, to pay more for merchandise than they otherwise would have if Defendant was simply being truthful about its 'sales.'" (*Id.*, ¶ 28).

f. Plaintiff seeks a full refund for Plaintiff and the putative class in the FAC. (*See id.*, ¶¶ 42, 70.)

g. "Defendant deceived Plaintiff by advertising the price of the Product in a misleading manner contrary to California statutes including sections 17500 and 17501 of the Business and Professions Code." (FAC, ¶ 63).

h. "Defendant's advertising of the Product was a material factor in Plaintiff's decision to purchase the Product. Based on Defendant's advertising of the Product, Plaintiff reasonably believed that the reference price of the Product purchased by Plaintiff was genuine. Had Plaintiff known the truth of the matter, *i.e.*,

that the reference price of the Product was false or misleading, Plaintiff would not have purchased the Product." (*Id.*, ¶ 67).

6. Plaintiff seeks to represent a class of "[a]ll persons who purchased one or more of Defendant's products from Defendant's Website while in California within the statute of limitations period at a purported discount from a higher reference price." (*Id.*, ¶ 45).

7. Plaintiff purports that the "above-described class of persons shall hereafter be referred to as the 'Class[,]' and "[e]xcluded from the Class are any and all past or present officers, directors, or employees of Defendant, any judge who presides over this action, and any partner or employee of Class Counsel. (*Id.*, ¶ 46).

8. Plaintiff asserts two claims on behalf of Plaintiff and the Class: (1) Violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; and (2) Violation of Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.* (*Id.*, ¶¶ 53-72).

9. Plaintiff prays for "judgment against Defendant as follows: a. For an order certifying that the action be maintained as a class action, that Plaintiff be designated as the class representative, and that undersigned counsel be designated as class counsel; b. For all available legal relief, equitable relief (including injunctive relief), and declaratory relief; c. For statutory damages; d. For punitive damages; e. For attorneys' fees and costs as allowed by law; and f. For any and all other relief at law or equity that may be appropriate." (*Id.*, p. 17, Prayer for Relief).

## III. THE COURT HAS CAFA JURISDICTION OVER THE ACTION.

10. This action is within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which: (1) the amount in controversy exceeds $5,000,000; (2) there are over one hundred putative class members; and (3) any member of the class of plaintiffs is a citizen of

a State different from any defendant. As set forth below, this action satisfies each of the requirements of § 1332(d) for original jurisdiction under CAFA.

11. **Covered Class Action.** This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure[.]" 28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b).

a. Plaintiff brings this action ostensibly on behalf of "[a]ll persons who purchased one or more of Defendant's products from Defendant's Website while in California within the statute of limitations period at a purported discount from a higher reference price" FAC, ¶ 45. Plaintiff also contends that: "The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but Plaintiff is informed and believes, and thereon, alleges that there are at least 100 members of the Class." *Id.*, ¶ 47.

b. "Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described in this Complaint." *Id.*, ¶ 48.

c. "Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class." *Id.*, ¶ 50.

d. "A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable." *Id.*, ¶ 51.

12. **Diversity.** The required minimal diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

a. Plaintiff alleges "Plaintiff is a citizen of California." FAC, ¶ 2.

b. The Class is a California class. *Id.*, ¶ 45.

c. Defendant is not a citizen of California. *Id.*, ¶ 3. Defendant is an Ohio company organized and existing under the laws of the state of Ohio and maintains its principal place of business in Ohio. *Id.*, ¶ 3. For purposes of the minimal diversity inquiry under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Therefore, Defendant is a citizen of Ohio.

13. **Class Action Consisting of More than 100 Members.** Plaintiff alleges that "there are at least 100 members of the Class." FAC, ¶ 47. Based on the allegations in the Complaint, the number of purported class members is greater than or equal to one hundred.

14. **Amount in Controversy.** Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). By any measure, the amount in controversy exceeds $5,000,000:

a. In addition to declaratory relief, Plaintiff seeks "legal relief, equitable relief (including injunctive relief), [] declaratory relief," "statutory damages," and "punitive damages." FAC, p. 17, Prayer for Relief. Plaintiff also seeks "restitution." *Id.*, ¶¶ 40-42.

b. Compensatory Damages: Plaintiff claims that he and the class were damages by the alleged fake sales. Plaintiff paid $149.80 for a pair of glasses. *Id.*, ¶ 9. Though Plaintiff's theory regarding damages is unclear for his CLRA claim, the Complaint states "[h]ad Plaintiff known the truth of the matter . . . Plaintiff would not have purchased the Product." *Id.*, ¶ 67. Plaintiff thus appears to be requesting a full refund for himself and the putative class.

i. The statute of limitations for claims under the CLRA is three years. Cal. Civ. Code § 1783.

ii. Defendant's business records indicate there is well over $5,000,001 in sales in the state of California over the last three years for products showing a sale price, comparison price, reference price, or a suggested retail price. From Defendant's review of its sales records and its understanding of Plaintiff's claimed damages and putative class, Defendant believes that Plaintiff's alleged class damages exceeds $5,000,001 for the period. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("the defendant's showing on the amount in controversy may rely on reasonable assumptions.")

c. Restitution: Plaintiff seeks restitution in the alternative to damages. FAC, ¶ 40. Plaintiff seeks full restitution for the amount each class member paid for their glasses. *See, e.g.*, *id*. ¶ 70 (demand to "refund the purchase price of all violative products sold during the class period"):

i. The limitations period for the CLRA and FAL claim is three years. Cal. Civ. Code § 1783. (CLRA) Cal. Code Civ. P. § 338(h) (FAL).

ii. Defendant's business records indicate there is well over $5,000,001 in sales in the state of California over the last three years for products showing a sale price, comparison price, reference price, or a suggested retail price. From Defendant's review of its sales records and its understanding of Plaintiff's claimed damages and putative class, Defendant believes that Plaintiff's equitable relief exceeds $5,000,001 for the period. *See Arias*, 936 F.3d at

922 ("the defendant's showing on the amount in controversy may rely on reasonable assumptions.")

d. Statutory Damages: The CLRA provides for a minimum of $1,000 statutory damages award in a class action. Cal. Civ. Code § 1780(a)(1). This amount applies in addition to actual damages and is not capped. *Id.* ("in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000).")

e. Punitive Damages: Punitive damages awards in consumer protection cases are frequently set at multiples of actual damages. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("a defendant satisfies the amount-in-controversy requirement under CAFA if it is reasonably possible that it may be liable for the proffered punitive damages amount" and defendant "met that burden by citing four cases where juries had awarded punitive damages at ratios higher than 1:1 for claims based on the CLRA."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007) (noting that punitive damages were "'conservatively estimated' at a 1:1 ratio to economic damages[.]") Even a 1:1 punitive-to-compensatory ratio could add several million dollars to Plaintiff's claimed relief, and a higher ratio, such as 4:1, creates claimed damages in the tens of millions of dollars.

f. Injunctive Relief: The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant. *See Int'l Padi, Inc. v. Diverlink*, No. 03-56478, 2005 WL 1635347, at *1 (9th Cir. July 13, 2005) ("in determining the amount in controversy, we may also include the value of the requested injunctive relief to either party.") (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Accepting as true, for purposes of this Notice of Removal only, that Plaintiff and the Class are entitled to injunctive relief, the cost of complying with the requested injunctive relief, including a change in business practices, could add substantially to the amount in controversy.

g. Attorneys' Fees: Plaintiff seeks "attorneys' fees and costs as allowed by law." FAC, p. 17, Prayer for Relief. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Accepting as true, for purposes of this Notice of Removal only, that Plaintiff and the Class are entitled to attorneys' fees and costs, said attorneys' fees and costs would be in addition to the restitution and other damages Plaintiff and the Class seek. *See, e.g.*, *Tracey Liu v. Home Depot USA, Inc.*, No. C23-1217JLR, (W.D. Wash. Oct. 2, 2024) (awarding $2.875 million in attorneys' fees in false pricing lawsuit with California and Washington classes); *Mariah Moses v. Arhaus, Inc.*, C.D. Cal. Case No. 8:24-cv-00728-FMO-ADS (C.D. Cal., 2025) (requesting $1,550,000 in unopposed motion for attorney's fees for California-only false pricing case).

15. Without conceding any merit to the First Amended Complaint's damages allegations, causes of action, or any other claimed form of relief, when all categories of relief are aggregated, the amount in controversy here exceeds CAFA's jurisdictional threshold.

## IV. ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET.

16. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 1441(a), 84(c)(1).

17. In compliance with 28 U.S.C. § 1446(d), a copy of the Notice of Removal of Action to the United States District Court for the Central District of California that will be filed with the Superior Court of the State of California for the County of Los Angeles is attached hereto as **Exhibit 1**.

18. A true and correct copy of the Los Angeles Superior Court's online docket in the State Court Action is attached hereto as **Exhibit 2**.

19. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on or received by Defendant in the State Court Action must be attached

to the Notice of Removal. True and correct copies of all substantive documents listed in that docket, in the same sequence as they appear on that docket (excluding payment receipts, electronic confirmations, etc.) are attached hereto collectively as follows:

| | **Date** | **Description** |
|---|---|---|
| **Exhibit 3** | 5/30/2025 | Complaint; Filed by: Jesse Cantu (Plaintiff); As to: LUXOTTICA OF AMERICA INC., an Ohio corporation (Defendant |
| **Exhibit 4** | 5/30/2025 | Summons on Complaint; Issued and Filed by: Jesse Cantu (Plaintiff); As to: LUXOTTICA OF AMERICA INC., an Ohio corporation (Defendant) |
| **Exhibit 5** | 5/30/2025 | Civil Case Cover Sheet; Filed by: Jesse Cantu (Plaintiff); As to: LUXOTTICA OF AMERICA INC., an Ohio corporation (Defendant) |
| **Exhibit 6** | 5/30/2025 | Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk |
| **Exhibit 7** | 6/16/2025 | Notice and Acknowledgment of Receipt; Filed by: Jesse Cantu (Plaintiff); As to: LUXOTTICA OF AMERICA INC., an Ohio corporation (Defendant) |
| **Exhibit 8** | 7/16/2025 | Motion to Reclassify; Filed by: LUXOTTICA OF AMERICA INC., an Ohio corporation (Defendant) |
| **Exhibit 9** | 7/16/2025 | Declaration of Ana Tagvoryan in Support of Defendant's Motion to Reclassify; Filed by: LUXOTTICA OF AMERICA INC., an Ohio corporation (Defendant) |
| **Exhibit 10** | 7/16/2025 | Answer; Filed by: LUXOTTICA OF AMERICA INC., an Ohio corporation (Defendant) |
| **Exhibit 11** | 7/25/2025 | Motion for Leave TO FILE FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; Filed by: Jesse Cantu (Plaintiff) |
| **Exhibit 12** | 7/25/2025 | Declaration OF SCOTT J. FERRELL; Filed by: Jesse Cantu (Plaintiff) |
| **Exhibit 13** | 8/8/2025 | Opposition Defendant Luxottica of America Inc.'s Opposition to Plaintiff Jesse Cantus Motion for Leave to File First Amended Class Action Complaint; Filed by: LUXOTTICA OF AMERICA INC., an Ohio corporation (Defendant) |

| | Date | Description |
|---|---|---|
| **Exhibit 14** | 8/8/2025 | Declaration of Ana Tagvoryan in Support of Defendant Luxottica of America Inc.'s Opposition to Plaintiff Jesse Cantus Motion for Leave to File First Amended Class Action Complaint; Filed by: LUXOTTICA OF AMERICA INC., an Ohio corporation (Defendant) |
| **Exhibit 15** | 8/13/2025 | Plaintiff's Reply In Support of Motion for Leave to Amend; Filed by: Jesse Cantu (Plaintiff) |
| **Exhibit 16** | 8/13/2025 | PLAINTIFFS EVIDENTIARY OBJECTIONS TO PORTIONS OF DECLARATION OF ANA TAGVORYAN IN SUPPORT OF DEFENDANT LUXOTTICA OF AMERICA INC.S OPPOSITION TO PLAINTIFF JESSE CANTUS MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT; Filed by: Jesse Cantu (Plaintiff) |
| **Exhibit 17** | 8/21/2025 | Minute Order (Hearing on Motion for Leave to File First Amended Complaint) |
| **Exhibit 18** | 8/25/2025 | Amended Complaint FIRST (1st); Filed by: Jesse Cantu (Plaintiff); As to: LUXOTTICA OF AMERICA INC., an Ohio corporation (Defendant) |

20. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit additional argument or evidence in support of removal as may be necessary.

## V. NON-WAIVER OF DEFENSES.

21. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defenses or affirmative matters, including, without limitation, a motion to compel arbitration and a motion to dismiss pursuant to Federal Rule of Civil Procedure Sections 12(b)(1) and 12(b)(6), and/or a motion to transfer venue pursuant to 12(b)(3).

## VI. CONCLUSION.

WHEREFORE, based on the foregoing, Defendant respectfully removes this action from the Superior Court of the State of California for the County of Los Angeles, to this Court.

DATED: September 24, 2025 **BLANK ROME LLP**

By: */s/ Erica R. Graves*
Ana Tagvoryan
Erica R. Graves
Alycia S. Tulloch
Attorneys for Defendant
LUXOTTICA OF AMERICA INC.